UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JACKIE VICTOR ADAMS,

        Petitioner,

v.                                                                Civil Action No. 2:15-cv-235

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

        Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Jackie Victor Adams' ("Adams") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, ECF Nos. 1 and 7,[1] and the Respondent's Motion to Dismiss or Hold in Abeyance ("Motion to Dismiss"), ECF No. 9. The Motion was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that the Petition, ECF No. 7, be **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**. In making this recommendation, the undersigned notes that

---

[1] Adams filed his 28 U.S.C. § 2241 petition in the Eastern District of North Carolina on January 20, 2015. ECF No. 1. The case was transferred to the Eastern District of Virginia on June 3, 2015, because the proper venue for a § 2241 petition is the district in which the petitioner is in custody. *See* 28 U.S.C. § 2241(a); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) ("A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined."). Adams is presently in custody at the Petersburg Federal Correctional Complex located in Petersburg, Virginia, in the Eastern District of Virginia. ECF No. 7 at 1. On June 26, 2015, the Court ordered Adams to file an amended petition on the proper Form (AO 242(12/11)). ECF No. 6. Adams filed an amended petition on July 17, 2015. ECF No. 7. The Court will refer to the arguments in Adams' original petition, ECF No.1, and amended petition, ECF No. 7, as the "Petition."

1

Adams is not precluded from requesting permission to file a second § 2255 petition in the sentencing court.

## I. FACTUAL AND PROCEDURAL BACKROUND

On January 24, 2007, Adams was indicted in the Eastern District of North Carolina for knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. ECF No. 9 attach 2. On August 18, 2008, Adams pled guilty to the count charged in the indictment. ECF No. 9 attach. 3. In exchange for a sentencing recommendation, the plea agreement required Adams to waive his right to appeal, directly or by any post-conviction proceeding, and that his criminal history subjected him to a sentencing enhancement under 18 U.S.C. § 924(e). *Id.* This enhancement set a minimum term of imprisonment of fifteen years instead of the ten years as generally provided by in 18 U.S.C. § 924(a)(2). *Id.* at 5; *compare* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years."), *with* § 924(e)(1) (explaining that with an enhancement "such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)"). On November 18, 2008, Adams was sentenced to serve one hundred and eighty-eight (188) months in prison (fifteen years and eight months total). ECF No. 9 attach 4.

On July 18, 2014, Adams filed a habeas petition in the Eastern District of North Carolina pursuant to 18 U.S.C. § 2255, challenging his sentencing guideline enhancements as unconstitutional. ECF No. 9 at 5. The U.S. District Court for the Eastern District of North

Carolina found that Adams had waived his right to appeal other than based upon ineffective assistance of counsel or prosecutorial misconduct, and because he presented no such argument in his petition, the court dismissed his petition. *Id.*

In the instant Petition, Adams alleged that he was sentenced under the Armed Career Criminal Act ("ACCA") based on an enhancement for prior "violent felonies" that was found unconstitutional under *Johnson v. United States*, 135 S.Ct. 2551 (2015). ECF No. 7 at 6-7. On November 20, 2015, the United States Attorney for the Eastern District of Virginia, on behalf of the Respondent, filed a Motion to Dismiss, arguing in the alternative, a motion to hold in abeyance, a *Roseboro* notice, and a memorandum in support. ECF Nos. 9-10. Adams filed a response on December 9, 2015. ECF No. 14. The Respondent has not filed a reply brief, and the time do so has expired. Accordingly, the Motion to Dismiss is ripe for recommended disposition.

## II. DISCUSSION

A. **Application of *Johnson v. United States*.**

In *Johnson*, the defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and received an "enhancement" as to his sentence because he had three prior convictions for "violent felonies." 135 S. Ct. at 2553-54. This enhancement then increased his sentence from a maximum of ten years to a minimum of fifteen years. *Id.* at 2555. The ACCA defines a "violent felony" as one that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(B) (emphasis added). The italicized

3

portion is referred to as the "residual clause." The *Johnson* Court held the residual clause unconstitutionally vague because it "leaves grave uncertainty about how to estimate the risk posed by a crime . . . [and] leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2557-58.

Adams presented to this Court the argument that his sentence should be vacated for the reasons set forth in *Johnson*. ECF No. 7 at 6. Respondent argued that *Johnson* is not applicable because Adams' sentence was not enhanced by the residual clause in § 924(e)(2)(B), but was instead enhanced under § 924(e)(2)(A) for having three previous convictions for a "serious drug offense." ECF No. 10 at 5-6.[2]

## B. This Court Lacks Jurisdiction to Consider Adams' Remedy under § 2241.

Before evaluating the merits of Adams' claim under *Johnson*, this Court must ascertain whether it has jurisdiction over those claims. Section 2241 petitions "generally challenge[] the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). Proceeding under section 2241 is limited and a federal inmate must

---

[2] Respondent attached Adams' sentencing memorandum from his 2008 conviction in the Eastern District of North Carolina, which indicates that Adams had convictions for three prior drug offenses, only one of which was a felony, and concluded that he was therefore classified as an Armed Career Criminal subject to the sentencing enhancements. ECF No. 10 attach. 1. However, as Respondent noted in his memorandum, "[w]hile all of Adams' ACCA predicates clearly are drug offenses, whether the state court convictions qualify as 'serious drug offenses' is not clear. The possibility exists that Adams may be able to obtain relief in accord with *Newbold* [and *Simmons*]." ECF No. 10 at 6 (citing *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015) and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011)). *But see Johnson v. Wilson*, No. 1:15-CV-1273, 2016 WL 521512, at *2 (E.D. Va. Feb. 5, 2016) (*Ray-Johnson*) (stating in a footnote that the Supreme Court's ruling in *Johnson* only applies to the residual clause of the ACCA and that the *Johnson* decision does not change the situation of those defendants categorized as Armed Career Criminals under the serious drug offense clause). This Court has no information before it as to whether Adams' sentence was definitively enhanced under § 924(e)(2)(B) or § 924(e)(2)(A), and the parties appear to dispute the issue. This question, though clearly relevant and a possible basis for relief for Adams, is not for this Court to decide as the instant Petition is being dismissed for lack of jurisdiction.

first demonstrate that the remedy afforded by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333 ("Habeas petitions are usually filed under § 2255 in the court that imposed the prisoner's sentence. When § 2255 'appears . . . inadequate or ineffective to test the legality of his detention,' § 2255(e), however, a federal prisoner may seek habeas relief from the court in the district of his confinement under § 2241."). A section 2255 petition is inadequate and ineffective when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34 (referring to the above as the "savings clause"). "This test was formulated expressly to provide a remedy for the 'fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress.'" *Ray-Johnson*, 2016 WL 521512, at *3 (citing *In re Jones*, 226 F.3d at 333 n.3). Furthermore, the Fourth Circuit declined to extend the reach of section 2255's savings clause, confining it "to instances of actual innocence of the underlying offense of conviction." *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

Adams' claim does not fit within the limited test applicable to the savings clause. In his original petition, Adams stated that he is actually innocent "because he is not a career offender" based on his sentencing guidelines. ECF No. 1 at 7. Though he phrased his argument as one of actual innocence, Adams did not argue that he was actually innocent of the underlying crime that led to his sentence enhancement he challenges here (*i.e.* being a felon in possession of a firearm);

5

and instead, his argument is one based on a miscalculation of the sentencing guidelines due to a new constitutional law.[3] Essentially he did not argue "that he is actually innocent of the crimes that led to his conviction and sentence; rather, he argue[d] that the sentence imposed on him is invalid because changes in the law have disqualified use of those prior convictions as a basis to enhance his sentence under the ACCA." *See Ray-Johnson*, 2016 WL 521512, at *3; *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) ("Actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from actual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); *Gregory v. Wilson*, No. 1:14CV1693, 2015 WL 7571819, at *3 (E.D. Va. Nov. 23, 2015) ("Fourth Circuit precedent teaches without exception that the savings clause only preserves claims where a petitioner alleges actual innocence of a conviction; it does not extend to claims of innocence of a sentencing factor."); *McCode v. Zeigler*, 2015 WL 362657 (S.D.W.Va. Jan. 27, 2015) (claim that changes in the law disqualified prior convictions used to enhance Petitioner's sentence under the ACCA not cognizable under § 2241).

Additionally, Adams cannot satisfy the second and third elements of the *In re Jones* test. Adams was convicted of being a felon in possession of a firearm, in violation of 28 U.S.C. § 922(g)(1), which is still an active provision of the United States Code. The Supreme Court's decision in *Johnson* had no effect on the criminality of the underlying conduct in section 922(g)(1). *See Johnson*, 135 S. Ct. at 2555 (definitively stating: "Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms."). As to the third element, Johnson must demonstrate that his claim is based on a new rule of constitutional law that would apply retroactively. "[A] new

---

[3] In his original petition, filed before the Supreme Court's decision in *Johnson*, Adams based his constitutional challenge on the Fourth Circuit's ruling in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011); however, Adams abandoned this argument in his amended petition, filed after the *Johnson* decision.

rule of constitutional law has been made retroactive to cases on collateral review by the Supreme Court within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding." *In re Vial*, 115 F.3d 1192, 1197 (4th Cir. 1997) (internal quotations omitted). The Supreme Court has yet to indicate whether *Johnson* applies retroactively, but, even if *Johnson* does apply retroactively, Adams still fails to satisfy the gatekeeping provisions of § 2255 in order to seek relief under § 2241. The Fourth Circuit delineated this issue of relief in *Rice v. Rivera*:

> [A] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

617 F.3d 802, 807 (4th Cir. 2010); *see also Turner v. Wilson*, No. 2:14CV597, 2015 WL 6693079, at *5 (E.D. Va. Oct. 28, 2015) (explaining that "even if the court were to conclude that [the petitioner's] new argument had merit, it would still lack jurisdiction to consider it because [the petitioner's] remedy under § 2255 has not been shown to be inadequate or ineffective"). Based on the *In re Jones* test, Adams failed to establish that a § 2255 petition was an inadequate or ineffective remedy. Therefore, Adams' proper path for relief is to file a § 2255 petition.

**B. Filing a Section 2255 Petition.**

The instant Petition was filed pursuant to § 2241, not § 2255. Adams should have sought relief under § 2255. This Court cannot, however, re-characterize the Petition. *See Turner*, 2015 WL 6693079, at *5; *Parker v. Andrews*, No. 5:14-HC-2149-D, 2015 WL 6759499, at *1 (E.D.N.C. Sept. 28, 2015) *report and recommendation adopted,* No. 5:14-HC-2149-D, 2015 WL 6816727 (E.D.N.C. Nov. 5, 2015) ("[T]he court cannot convert Parker's § 2241 petition into a §

7

2255 motion because he has previously collaterally attacked his conviction and has not received permission from the Fourth Circuit Court of Appeals to bring a successive habeas challenge.").

The Court notes that Adams already filed a § 2255 petition in in the Eastern District of North Carolina in July of 2014, before the *Johnson* decision. ECF No. 7 at 4. Ordinarily, a petitioner cannot file a second or successive habeas petition challenging the same conviction or sentence. *See* 28 U.S.C. § 2255(h); *see generally Sanders v. United States*, 373 U.S. 1 (1963) (discussing and defining second or successive petitions). However, Adams may be able to file a second § 2255 petition if he receives proper certification from the Circuit Court of Appeals in the District that sentenced him:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Therefore, Adams must first obtain certification to file a second or successive motion from the Fourth Circuit and must meet the requirements of either (1) or (2) above.[4] *See Gregory*, 2015 WL 7571819, at *4 ("Because no such certification has been granted, this petition must be dismissed, without prejudice to petitioner's ability to apply for § 2244 certification to the Fourth Circuit Court of Appeals.").

---

[4] Adams' challenge as to the constitutionality of his sentence is premised on *Johnson*, which he argued is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." ECF No. 7 at 8; *see also* 20 U.S.C. § 2255(h)(2).

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Petition, ECF No. 7, be **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.** Adams is **ADVISED** that the proper path for relief is to file a § 2255 Petition in the court that sentenced him—in this case, the United States District Court for the Eastern District of North Carolina, Western Division—and he is **FURTHER ADVISED** that he must first seek permission from the Fourth Circuit to file a second or successive § 2255 petition.[5]

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a

---

[5] Attached to this Report and Recommendation is the form in which Adams must use to request permission to file a second or successive § 2255 habeas petition. *See* Attach. 1. Because Adams is challenging the constitutionality of his sentence based on *Johnson*, he must seek relief under § 2255 within one year of the date of the Supreme Court's decision in *Johnson*. 28 U.S.C. § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation and Attachment 1 to the *pro se* Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 19, 2016

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Jackie Victor Adams
16135-056
Petersburg Medium - F.C.I.
P.O. Box 1000
Petersburg, VA 23804
PRO SE

Joel Eric Wilson
United States Attorney Office - Norfolk (NA)
101 W Main St
Suite 8000
Norfolk, VA 23510
Counsel for the Respondent

Fernando Galindo,
Clerk of Court

By: _____

Deputy Clerk
February 19, 2016